UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALLAN JACOB and SANDRA
JACOB,

       Plaintiffs,

v.                              Case No.: 8:23-cv-2703-KKM-AAS

BAIS YISROEL COMMUNITY
CENTER OF TAMPA BAY, LLC,
et al.,

       Defendants.

_____/

## ORDER

Plaintiffs Allan Jacob and Sandra Jacob (collectively, the plaintiffs) move for entry of default judgment against Defendants Bais Yisroel Community Center of Tampa Bay, LLC (BYCC), Yisrael Taussig, and Malka Singer Taussig (collectively, the defendants). (Doc. 30). The defendants did not respond to the plaintiffs' motion.

## I.    BACKGROUND

According to the complaint, in August 2021, the plaintiffs loaned $250,000 to the defendants (the Loan), as evidenced by a promissory note (the Note). (Doc. 1, ¶ 5). Taussig and Singer executed personal guaranties on the Loan. (*Id.*, ¶ 7). The Loan was to be used to buy a parcel of land in which the defendants would operate a school (the Property). (*Id.*, ¶ 4). Beyond their

1

guaranties, Singer and Taussig, as managers of BYCC, granted the plaintiffs a second mortgage lien upon and security interest in the property through a Mortgage, Assignment of Rents and Security Agreement (Mortgage Deed). (*Id.*, ¶ 10).

The maturity date on the Note passed with no repayment from the defendants. (Doc. 1, ¶ 20). The plaintiffs made a demand for repayment of the Loan amount on August 23, 2023, via a phone call and a WhatsApp message. (*Id.*, ¶ 22). In September 2023, Taussig and Singer, as managers of BYCC, advised the plaintiffs that BYCC would not pay the outstanding amount of the Loan. (*Id.*, ¶ 23). Taussig and Singer also advised the plaintiffs they will not pay the outstanding amount of the Loan in their individual capacities. (*Id.*, ¶ 24).

On November 11, 2023, the plaintiffs filed a complaint raising these claims: (1) breach of contract against the defendants for failure to pay the Loan (count I); (2) breach of contract against BYCC for failure to pay the Loan (count II); (3) breach of contract against BYCC for failure to maintain the Property (count III); (4) unjust enrichment against all defendants (count IV); and (5) foreclosure on the Mortgage Deed against BYCC (count V). (Doc. 1). The defendants failed to answer or otherwise respond to the complaint and a Clerk's default was entered against them. (Docs. 25, 29). The plaintiffs now move for entry of a default judgment against the defendants for $250,000 in

Loan principal; for foreclosure on the Mortgage Deed; that the Property be seized for a judicial sale; and for an award of their reasonable attorney's fees and costs in connection with this action. (Doc. 30).

## II.   STANDARD OF REVIEW

A "defendant's default does not in itself warrant the court in entering a default judgment." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] A court may enter a default judgment only if it has jurisdiction over the claims and parties, and if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for such entry. *See id.* ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Therefore, in considering a motion for default judgment, a court must "examine the sufficiency of plaintiff's allegations to determine whether plaintiff is entitled to" a default judgment. *Fid. & Deposit Co. of Md. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

The Supreme Court has explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before September 30, 1981. *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This analysis applies equally in motions for default judgment. *De Lotta v. Dezenzo's Italian Rest., Inc.*, No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806, at *5 (M.D. Fla. Nov. 24, 2009) (citations omitted).

If the plaintiff requests damages, the plaintiff bears the burden of proving entitlement to recover the damages sought in the motion for default judgment. *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008). Unlike well pleaded allegations of fact, allegations relating to the damages are not admitted by virtue of default; the court must determine both the amount and character of damages to be awarded. *Id.* (citing *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999)).

## III.   ANALYSIS

Upon review, there are deficiencies with the plaintiff's motion that prevent the undersigned from recommending default judgment be entered in the plaintiffs' favor. Although the motion asserts the plaintiffs are entitled to default judgment, nowhere do the plaintiffs identify the elements of any of its claims or explain why they are entitled to default judgment on each of their claims. The plaintiffs also provide no legal analysis establishing that the allegations in the complaint sufficiently assert a claim for breach of contract,

unjust enrichment, or foreclosure on the mortgage deed. Indeed, the motion does not even identify the law that should apply.

It appears the plaintiffs are simply arguing they are entitled to default judgment based solely on the defendants being in default. This is not enough. *Nishimatsu Constr. Co.*, 515 F.2d at 1206; see also *Gurit Balsaflex Cia. LTDA v. Cerix Corp.*, No. 6:21-CV-246-WWB-LRH, 2021 WL 9333863, at *3 (M.D. Fla. Oct. 14, 2021) (denying without prejudice motion for default judgment where the plaintiff did not identify the elements of any of its claims); *Gridley IP LLC v. Cabconnect, Inc.*, No. 8:21-cv-265-CEH-AEP, 2021 WL 3602805, at *1 (M.D. Fla. Aug. 13, 2021) (denying without prejudice motion for default judgment where motion "fail[ed] to set forth the elements of Plaintiff's claim against Defendant, with citation to legal authority, or show how the well-pleaded allegations of the complaint establish those elements"); *BMO Harris Bank, NA v. DTL Transp., Inc.*, No. 6:16-cv-2238-Orl-37KRS, 2017 WL 8314658, at *1 (M.D. Fla. June 6, 2017) (finding deficient a motion for default judgment where the motion "d[id] not set forth the elements of Plaintiff's claims against Defendant with citation to legal authority or show how the well-pleaded allegations of the complaint establish each of those elements. Instead, it merely assert[ed] that Defendant is liable and focuse[d] on Plaintiff's entitlement to various remedies.").

Any renewed motion must include a memorandum of legal authority that (1) establishes which jurisdiction's law applies; (2) sets forth the elements of each cause of action asserted (according to the applicable law), and (3) demonstrates how the well pleaded allegations of the complaint establish each element of the claims for which the plaintiffs request default judgment. And if the plaintiffs are requesting default judgment all their claims, the plaintiffs must provide citation to relevant legal authority establishing why the plaintiffs are entitled to their requested relief.[2]

## IV.   CONCLUSION

The plaintiffs' motion for entry of default judgment against the defendants (Doc. 30) is **DENIED without prejudice**. The plaintiffs may file a renewed motion for default judgment that addresses the deficiencies identified in this Order.

**ORDERED** in Tampa, Florida on March 7, 2024.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

---

[2] *See* Local Rule 3.01(a), M.D. Fla. (A motion must include — in a single document no longer than twenty-five pages inclusive of all parts — a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request. . .").