## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**ALLAN JACOB and SANDRA JACOB,**

      **Plaintiffs,**

**v.**                                   **Case No.: 8:23-cv-2703-KKM-AAS**

**BAIS YISROEL COMMUNITY CENTER OF TAMPA BAY, LLC, et al.,**

      **Defendants.**

_____/

### ORDER

Plaintiffs Allan Jacob and Sandra Jacob (collectively, the plaintiffs) move for an award of attorney's fees, costs, and expenses in the amount of $21,476.40 against Defendants Bais Yisroel Community Center of Tampa Bay, LLC (BYCC), Yisrael Taussig, and Malka Singer Taussig (collectively, the defendants). (Doc. 37). The plaintiffs' motion is due to be denied without prejudice because it violates Local Rule 7.01(c), M.D. Fla. and controlling Eleventh Circuit case law.

Under the bifurcated procedure explained in Local Rule 7.01(a), M.D. Fla., the court granted the plaintiffs' motion for default judgment in part and held the plaintiffs are entitled to an award of their reasonable attorney's fees,

costs, and other expenses against the defendants.[1] (Doc. 34, p. 3). The court directed the plaintiffs to file a supplemental motion for a determination of the reasonable amount of fees award, with supporting affidavit and documentation. (*Id.*).

Local Rule 7.01(c) states:

[T]he party claiming fees and expenses must file a supplemental motion that:
. . .

(4) includes for any disputed rate or hour:[2]

(A) the timekeeper's identity, experience, and qualification;

(B) the timekeeper's requested hours;

(C) each task by the timekeeper during those hours;

(D) the timekeeper's requested rate;

(E) lead counsel's verification that counsel charges the rate requested, has reviewed each task, and has removed each charge for a task that is excessive, duplicative, clerical, or otherwise unreasonable;

(F) evidence showing the reasonableness of the rates based on the prevailing market rate in the division in which the action is filed for similar services by a lawyer of comparable

---

[1] Local Rule 7.01(a), M.D. Fla. states that "a party claiming a post-judgment attorney's fee and related non-taxable expenses must obtain an order determining entitlement before providing a supplemental motion on amount."

[2] Given the court's duty to award only reasonable attorney's fees, expenses, and costs, it considers this attorney's fees and costs request disputed. *See SJ Medconnect, Inc. v. Boice*, No. 3:20-CV-903-MMH-JBT, 2022 WL 17338802, at *1 (M.D. Fla. Nov. 30, 2022).

skill, experience, and reputation;

(5) includes for a disputed non-taxable expense:

(A) a receipt for, or other evidence of, the expense and

(B) lead counsel's verification that counsel incurred the expense.

Local Rule 7.01(c), M.D. Fla. It appears from counsels' billing records that six attorneys billed in this action.[3] The plaintiffs' motion fails to explain why six attorneys were needed and why the fee requested is not excessive, duplicative, or otherwise unreasonable.

The motion also violates the Local Rules and controlling case law on the reasonableness of the plaintiffs' attorneys requested hourly rates. The Local Rule states that a motion on fee amount must include "evidence showing the reasonableness of the rates based on the prevailing market rate in the division in which the action is filed for similar services by a lawyer of comparable skill, experience, and reputation." Local Rule 7.01(c)(4)(F), M.D. Fla. This follows controlling Eleventh Circuit case law, which provides that "[a] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299

---

[3] Although only three attorneys appeared on record, six attorneys are named in the billing records—Leiota Hutson, Rivka Teitelbaum, Jonathan Edderai, William Talbot, Daniel Bitran, and Louis Morelus. (*See* Docs. 37-2, 37-3).

3

(11th Cir. 1988). "The general rule is that the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed.'" *Am. Civ. Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (quoting *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994)). "[S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits." *Norman*, 836 F.2d at 1299.

As for non-taxable costs and expenses, counsels' billing records list "expenses" as "uncategorized." (*See* Doc. 37-2, pp. 3–4, 6, 11, 14). This is insufficient. If the plaintiffs request reimbursement of non-taxable costs and expenses, they must file a motion containing the relevant receipts, descriptions, and verification of expenses in compliance with Local Rule 7.01(c)(5), M.D. Fla.

Finally, the bifurcated procedure in Local Rule 7.01(a) does not apply to taxable costs in 28 U.S.C. § 1920. *See Hernandez v. Drop Runner, LLC.*, No. 8:23-CV-1302-TPB-JSS, 2023 WL 6626564, at *6 (M.D. Fla. Sept. 25, 2023). Federal Rule of Civil Procedure 54(d)(1) states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorneys' fees—should be allowed to the prevailing party . . . The clerk may tax costs on 14 days' notice." Fed. R. Civ. P. 54(d)(1). Taxable costs under Rule 54 are enumerated in 28 U.S.C. § 1920 and include fees of the clerk and marshal. 28 U.S.C. § 1920. However, "[w]hile Section 1920 allows for the taxation of costs,

4

the Clerk must initially tax costs." *Lowe v. STME, LLC*, No. 8:18-cv-2667-T-33SPF, 2019 WL 2717197, at *3 (M.D. Fla. June 28, 2019) (citing Fed. R. Civ. P. 54(d)(1)); *see also* C. Wright, A. Miller, & A. Steinman, 10 Fed. Prac. & Proc. Civ. § 2679 (4th ed., April 2023 update) ("nothing normally can come before the court until the clerk has acted and an objection has been made"). Section 1920 also provides that "[a] bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree." 28 U.S.C. § 1920. The plaintiffs have not filed a bill of costs for consideration by the Clerk. *See Neurocare Inst. of Cent. Fla., P.A. v. US Cap. Access, Inc.*, No. 6:13-cv-1233-Orl-31DAB, 2014 WL 12873038, at *5 (M.D. Fla. May 14, 2014) (denying request to tax costs without prejudice to party's filing of bill of costs with clerk).

Accordingly, the plaintiffs' motion attorney's fees, costs, and expenses (Doc. 37) is **DENIED without prejudice**. By **June 28, 2024**, the plaintiffs may file a renewed motion in compliance with Local Rule 7.01(c), M.D. Fla., and a verified bill of costs with sufficient supporting documentation, if appropriate.

**ORDERED** in Tampa, Florida on June 13, 2024.

*Amanda Arnold Sansone*

AMANDA ARNOLD SANSONE
United States Magistrate Judge