UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ALLAN JACOB and SANDRA JACOB,**

    Plaintiffs,

v.                                                **Case No.: 8:23-cv-2703-KKM-AAS**

**BAIS YISROEL COMMUNITY CENTER
OF TAMP BAY, LLC, a Florida limited
Liability Company, YISRAEL TAUSSIG,
an individual, MALKA SINGER TAUSSIG,
an individual,**

    Defendants,

v.

**SUNCOAST CREDIT UNION,**

    Garnishee.
_____/

## REPORT AND RECOMMENDATION

Plaintiffs Allan Jacob and Sandra Jacob (collectively, the plaintiffs) move for entry of Final Judgment in Garnishment. (Doc. 55). The undersigned **RECOMMENDS** that the plaintiffs' motion be **GRANTED.**

    I.    **BACKGROUND**

The plaintiffs served a Writ of Garnishment on Suncoast Credit Union (Garnishee), who filed an answer stating that Garnishee is indebted to Defendants Yisrael Taussig and Malka Singer Taussig (collectively, the

1

defendants). (Doc. 50). The plaintiffs mailed the defendants the "Notice to Defendant of Right Against Garnishment of Wages, Money, and Other Property, and enclosed Plaintiffs' Motion for Writ of Garnishment After Judgment, and Memorandum of Law, as well as the three Writs of Garnishment." (Doc. 55, p. 1). The plaintiffs also mailed the defendants "the Notice to Defendants of Right to Dissolve Writ of Garnishment, and enclosed the Answers of the three Garnishees." (*Id.*, p. 2). The defendants did not move to dissolve the writ of garnishment.

## II. ANALYSIS

Under the Federal Rules of Civil Procedure, "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located[.]" Fed. R. Civ. P. 69(a)(1). Florida law provides that "[e]very person or entity who . . . has recovered judgment in any court against any person or entity has a right to a writ of garnishment, in the manner hereinafter provided, to subject any debt due to defendant by a third person . . ., and any tangible or intangible personal property of defendant in the possession or control of a third person." Fla. Stat. § 77.01.

After issuance of the writ, "[t]he plaintiff must mail, by first class, a copy of the writ of garnishment, a copy of the motion for writ of garnishment, and, if the defendant is an individual, the 'Notice to Defendant' to the defendant's

2

last known address within 5 business days after the writ is issued or 3 business days after the writ is served on the garnishee, whichever is later."[1] Fla. Stat. § 77.041(2). "Service of the writ on the garnishee makes the garnishee liable for all debts due by [the garnishee] to defendant and for any tangible or intangible personal property of defendant in the garnishee's possession or control . . . and creates a lien in or upon any such debts or property." Fla. Stat. § 77.06(1).

Then, "[w]ithin 5 days after service of the garnishee's answer on the plaintiff or after the period for the garnishee's answer has expired, the plaintiff shall serve, by mail, these documents: a copy of the garnishee's answer and a notice advising the recipient that he or she must move to dissolve the writ of garnishment within 20 days after the date stated on the certificate of service in the notice if any allegation in the plaintiff's motion for writ of garnishment is untrue." Fla. Stat. § 77.055.

When the statutory requirements of Chapter 77 are met, the defendants do not reply to Garnishee's Answer, and the defendants fail to move to dissolve the writ, the plaintiffs are entitled to final judgment in the garnishment. *See*

---

[1] The Notice states: "IF AN EXEMPTION FROM GARNISHMENT APPLIES TO YOU AND YOU WANT TO KEEP YOUR WAGES, MONEY, AND OTHER PROPERTY FROM BEING GARNISHED, OR TO RECOVER ANYTHING ALREADY TAKEN, YOU MUST COMPLETE A FORM FOR CLAIM OF EXEMPTION AND REQUEST FOR HEARING AS SET FORTH BELOW AND HAVE THE FORM NOTARIZED. IF YOU HAVE A VALID EXEMPTION, YOU MUST FILE THE FORM WITH THE CLERK'S OFFICE WITHIN 20 DAYS AFTER THE DATE YOU RECEIVE THIS NOTICE OR YOU MAY LOSE IMPORTANT RIGHTS." Fla. Stat. § 77.041(1).

*Fresenius Vascular Care, Inc. v. Vasudeva*, No. 8:21-CV-1474-VMC-JSS, 2023 WL 8241515, at *2 (M.D. Fla. Nov. 13, 2023), report and recommendation adopted, No. 8:21-CV-1474-VMC-JSS, 2023 WL 8234579 (M.D. Fla. Nov. 28, 2023). As outlined above, the plaintiffs complied with the statutory requirements of Chapter 77, and the defendants neither replied to Garnishee's Answer nor moved to dissolve the writ of garnishment. Accordingly, the plaintiffs are entitled to final default judgment in garnishment. *See, e.g.*, *Bell v. Cummins*, No. 6:21-mc-60-WWB-GJK, 2022 WL 2306719, at *2 (M.D. Fla. Feb. 7, 2022) ("As the statutory requirements for a judgment on the Writ of Garnishment have been satisfied, it is recommended that the Motion be granted as to the entry of a judgment in favor of Orso and against Garnishee."), report and recommendation adopted *Bell v. Cummins*, 2022 WL 2306845 (M.D. Fla. Mar. 21, 2022).

### III.  CONCLUSION

For the reasons stated, it is **RECOMMENDED** that the plaintiffs' motion for entry of Final Judgment in Garnishment (Doc. 55) be **GRANTED**, and Garnishee be ordered to pay to the plaintiffs all sums withheld up to the amount stated in the writ, including accrued interest and costs.

**ENTERED** in Tampa, Florida, on February 24, 2025.

*[signature: Amanda Arnold Sansone]*

AMANDA ARNOLD SANSONE
United States Magistrate Judge

### NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely under 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.