UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALLAN JACOB
and SANDRA JACOB,

    Plaintiffs,

v.                                Case No. 8:23-cv-02703-KKM-AAS

BAIS YISROEL COMMUNITY
CENTER OF TAMPA BAY, LLC, et al.,

    Defendants.
_____

<u>ORDER</u>

After default was entered against defendants as to plaintiffs' foreclosure claim, I adopted plaintiffs' proposed Final Judgment of Foreclosure authorizing the sale of the foreclosed property. (Doc. 65). Plaintiffs Allan and Sandra Jacob now move for clarification regarding certain components of the Final Judgment and scheduled sale. Mot. (Doc. 66). I grant the motion, as explained below.

The Final Judgment "authorized and directed [the clerk of this court] to sell the Property at public sale on June 30, 2025, at the Hillsborough County Courthouse, 800 E Twiggs St, Tampa FL 33602 or via electronic sale, to the highest bidder for cash, following the notice of public sale of the Property to be published once a week for at least four weeks in a newspaper regularly issued and of general circulation in Hillsborough County, Florida, as required by 28 U.S.C. § 2002." (Doc. 65) ¶ 3. Plaintiffs seek clarification about the sale's logistics, including "the name and contact information for the clerk who shall be handling the foreclosure sale" and ask that the sale be rescheduled.[1] Mot. ¶¶ 6–8. Because the sale never took place as contemplated by the Final Judgment, I agree with plaintiffs that the sale should be rescheduled. To remedy previous confusion as to the individual responsible for conducting the sale, I will appoint a special master to sell the property.

Federal Rule of Civil Procedure 53(a)(1)(C) authorizes a court to appoint a special master to "address . . . posttrial matters that cannot be effectively and timely

---

[1] Plaintiffs also ask "whether the amount due to [them] is actually the principal of the loan, i.e. $250,000.000, plus attorney's fees in the amount of $8,606.00 and expenses in the amount of $1,500.00." Mot. ¶ 9. The total amount due Plaintiffs is the principal amount of the loan plus attorney's fees and expenses ordered by Doc. 46.

2

addressed by an available district judge or magistrate judge of the district." Special masters "routine[ly]" conduct foreclosure sales. *FTF Lending, LLC v. Michael Attiq, LLC*, No. 3:20-CV-492-J-39JRK, 2021 WL 7450429, at *1 (M.D. Fla. Sept. 7, 2021) (appointing special master to conduct a foreclosure sale authorized by 28 U.S.C. § 2001). "Any party may suggest candidates for appointment," but absent the parties' consent and court approval, "[a] master must not have a relationship to the parties, attorneys, action, or court that would require disqualification of a judge under 28 U.S.C. § 455." FED. R. CIV. P. 53(a)(2), (b)(1). Before appointment, a special master must "file[] an affidavit disclosing whether there is any ground for disqualification." FED. R. CIV. P. 53(b)(3).

In line with the requirements of Rule 53, Plaintiffs are thus directed to identify an appropriate individual to serve as special master and to propose a new date for the foreclosure sale, keeping in mind the publication requirements set forth in the Final Judgment and 28 U.S.C. § 2002. See (Doc. 65) ¶3. Once a special master is appointed by separate order, *see* FED. R. CIV. P. 53(b)(2), the rescheduled sale will otherwise take place as detailed in the Final Judgment.

Accordingly, the following is **ORDERED**:

    1. Plaintiffs' Motion for Clarification (Doc. 66) is **GRANTED**.

2. By **September 29, 2025**, Plaintiffs shall notify the Court of its identified special master for appointment to conduct the sale. The special master shall file an affidavit disclosing any ground for disqualification.

3. By **September 29, 2025**, Plaintiffs shall also propose a date for the rescheduled foreclosure sale.

**ORDERED** in Tampa, Florida on September 16, 2025.

_Kathryn Kimball Mizelle_
Kathryn Kimball Mizelle
United States District Judge