# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ALLAN JACOB
and SANDRA JACOB,

      Plaintiffs,

v.                                                   Case No. 8:23-cv-2703-KKM-AAS

BAIS YISROEL COMMUNITY
CENTER OF TAMPA BAY, LLC, et al.,

      Defendants.

_____

## ORDER

As directed by this Court's previous order, (Doc. 68), plaintiffs Allan and Sandra Jacob move for the appointment of a special master to conduct the sale of foreclosed property, Mot. (Doc. 71); *see* FED. R. CIV. P. 53(a)(1)(C). I grant the motion and appoint Jon K. Barber as special master.

Upon review of Barber's affidavit filed pursuant to Federal Rule of Civil Procedure 53(b)(3)(A), I find that Barber is qualified to serve as a special master in this matter. Barber is a licensed auctioneer and broker with Soldnow, LLC d/b/a Tranzon Driggers, and is authorized to sell real property in Florida. *See* Barber Aff. (Doc. 71-1) ¶ 3. Additionally, Barber has "no known relationship to the parties, attorneys, action, or Court and know[s] of no

reasons or grounds for disqualification under 28 U.S.C. § 455." *Id.* ¶ 4; *see* FED.

R. CIV. P. 53(a)(2) (listing grounds for disqualification).

As special master, Barber is directed to "proceed with all reasonable

diligence" in performing the below duties. *See* FED. R. CIV. P. 53(b)(2).

1. The special master is authorized and directed to sell the Property[1] at

   public sale on January 28, 2026, at the special master's regular place of

   business (101 East Silver Springs Blvd., Ste. 206, Ocala, FL 34470) or

   via electronic sale, to the highest bidder for cash, following the notice of

   public sale of the Property to be published once a week for at least four

---

[1] The Property is "[a] parcel of land lying in the Northeast quarter of Section 12, Township 32 South, Range 19 East, Hillsborough County, Florida, more particularly described as follows: Commence at the Northeast corner of said Section 12; thence N. 00°29'11" West along the East line of Section 1, Township 32 South, Range 19 East, Hillsborough County, Florida, a distance of 143.87 feet; thence S. 7 4 °26'18" W. a distance of 1153.33 feet to a point of compound curvature on the Westerly right-of-way line of the 100-foot right-of-way of Pebble Beach Boulevard (proposed) and Point of Beginning; thence on an arc to the left of 204.32 feet along the Westerly boundary of the 100-foot right-of-way of Pebble Beach Boulevard, as recorded in Plat Book 37, Page 89, of the Public Records of Hillsborough County, Florida, and its proposed Northerly extension, with a radius of 3,200.00 feet, subtended by a chord of 204.28 feet, chord bearing S. 17°23'27" E. to a point of reverse curvature; thence on an arc to the right of 38.77 feet, with a radius of 25.00 feet, subtended by a chord of 35.00 feet, chord bearing; S. 25°12'09" W. to a point of tangency; thence S. 69°37'30" W. along the Northerly right-of-way line of the 80-foot right-of-way of La Jolla Avenue (proposed) a distance of 107.71 feet to a point of curvature; thence on an arc to the right of 119.78 feet, with a radius of 349.58 feet, subtended by a chord of 119.20 feet, chord bearing S. 79°26'28.5" W. to a point of tangency; thence S. 89°15'27" W; continuing along the Northerly right-of-way line of said La Jolla Avenue (proposed) a distance of 200.00 feet; thence N. 00°44'33" W. a distance of 360.00 feet; thence N.78°20'05" E. a distance of 349.45 feet to a point on a curve; thence on an arc to the left of 146.21 feet along the Westerly right-of- way line of said Pebble Beach Boulevard (proposed) with a radius of 2,150.00 feet, subtended by a chord of 146.18 feet, chord bearing S. 13°36'48.5" E. to the Point of Beginning." (Doc. 65) ¶ 2.

weeks in a newspaper regularly issued and of general circulation in Hillsborough County, Florida, as required by 28 U.S.C. § 2002. *See* (Doc. 65) ¶ 3.

2. The plaintiffs shall advance all subsequent costs of this action, including the special master's fee, and shall be reimbursed for them by the special master if the plaintiffs are not the purchaser of the property for sale, provided, however, that the purchaser of the property for sale shall be responsible for the documentary stamps payable on the Certificate of Title.

3. If the plaintiffs are the purchaser, the special master shall credit the plaintiffs' bid with the total sum, *see* (Doc. 68) at 2 n.1, with interests and costs accruing subsequent to this judgment, or such part of it as is necessary to pay the bid in full.

4. Upon full compliance with the terms of the sale, the special master shall execute and file, or cause to be filed, a Certificate of Sale with the results of the sale.

5. On filing the Certificate of Title, the special master shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of the plaintiffs' costs; second, documentary stamps affixed to the certificate; third, the plaintiffs' attorneys' fees; fourth, the total sum due

to the plaintiffs, less the items paid; and by retaining any remaining amount pending further order of this Court.

6. Plaintiffs shall notify this Court of the sale's completion.

Accordingly, the following is **ORDERED:**

    1. Plaintiffs' Motion for Appointment of a Special Master (Doc. 71) is **GRANTED**.

    2. Jon K. Barber is appointed as special master to conduct a sale of the foreclosed property on January 28, 2026, as described in this order.

**ORDERED** in Tampa, Florida on November 3, 2025.

Kathryn Kimball Mizelle
United States District Judge

4